SHIRLEY S. ABRAHAMSON, J.
¶ 125. (dissenting). I agree with the court of appeals that the defendant's third-party perpetrator evidence should have been admitted as a matter of constitutional law.[1] Like the court of appeals, I would grant the defendant a new trial.
¶ 126. The instant case revolves around the circuit court's exclusion of evidence at the defendant's trial nearly 20 years ago.
¶ 127. The defendant sought to introduce evidence at trial to support his contention that a third party committed the crimes alleged in the State's complaint. Such evidence is sometimes referred to as "third-party perpetrator evidence." The circuit court excluded the defendant's third-party perpetrator evidence and the defendant was convicted.
¶ 128. By excluding the defendant's third-party perpetrator evidence, the circuit court denied the defendant his constitutional right to present a complete defense.[2] Thus, the instant case presents a question of *253 constitutional law this court decides independently but benefiting from the analyses of the circuit court and the court of appeals.[3]
¶ 129. I begin with a brief review of the relevant facts.
1 130. Evania Marie, the victim in the present case, was shot to death while seated in a parked car with Willie Friend, whom she was dating. Willie Friend fled and was not injured. Willie Friend thereafter reported to the police that the defendant was the shooter, which the defendant adamantly denied. The defendant was eventually charged with first-degree intentional homicide for killing the victim and attempted first-degree intentional homicide for shooting at Willie Friend.
¶ 131. At trial, the defendant's attorney attempted to persuade the jury that the defendant was innocent and that Willie Friend was not. To establish this defense, the defendant's attorney sought to present testimony from two of the victim's friends, Mary Lee Larson and Barbara Lange, to implicate Willie Friend in the murder.
*254 ¶ 132. In an offer of proof, Larson stated that she had heard Willie Friend threaten to kill Marie and had observed Willie Friend slapping Marie. The defendant's attorney informed the circuit court that Lange would provide similar testimony. The testimony of Larson and Lange comprised the defendant's third-party perpetrator evidence. The circuit court ruled both witnesses' testimony inadmissible.
¶ 133. This was not an easy case for the jury. During deliberations, the jury informed the circuit court that it had reached an impasse. Later the next day, the jury found the defendant guilty of both charges.
¶ 134. The issue presented is whether the circuit court erred as a matter of law in excluding the defendant's third-party perpetrator evidence.
¶ 135. The circuit court cannot bar the defendant's third-party perpetrator evidence "simply because the evidence against the [defendant] is overwhelming."[4] Rather, third-party perpetrator evidence is admissible so long as the defendant shows "a 'legitimate tendency' that the third person could have committed the crime."[5]
¶ 136. State v. Denny, 120 Wis. 2d 614, 624, 357 N.W.2d 12 (Ct. App. 1984), established that a defendant fulfills the legitimate tendency test "as long as motive and opportunity have been shown and as long as there is also some evidence to directly connect [the] third person to the crime charged which is not remote in time, place or circumstances . . . ." In other words, the defendant in the instant case was required to fulfill *255 the three-prong test set forth in Denny (1) by showing that Willie Friend had a motive to commit the crime; (2) by showing that Willie Friend had an opportunity to commit the crime; and (3) by presenting evidence of a direct connection between Willie Friend and the crime.[6]
¶ 137. The majority opinion struggles to clarify the Denny test and in doing so changes the test. Under any reasonable interpretation of Denny, the defendant in the instant case prevails.
¶ 138. The State concedes that the defendant has fulfilled the motive and direct connection prongs. The majority opinion assumes without deciding that the defendant has fulfilled the motive and direct connection prongs. Both the State and the majority opinion conclude that the defendant has not fulfilled the opportunity prong.
¶ 139. I review the three prongs of the Denny test in turn.
¶ 140. First, the defendant presented evidence that Willie Friend's "motive was his belief that Marie [the victim] was pregnant, that [Willie Friend] was responsible for her pregnancy, and that he wanted to avoid future child support."[7] Because the defendant provided a "plausible reason" for Willie Friend to commit the crime, I conclude that the defendant has fulfilled the motive prong.[8]
¶ 141. Second, the defendant argued that Willie Friend's undisputed "presence at the crime scene" constituted evidence of a direct connection between Willie Friend and the crime. Based on the totality of the evidence presented (including evidence of Willie *256 Friend's relationship with the victim, evidence that Willie Friend had previously hit and threatened to kill the victim, evidence that Willie Friend brought the victim to the location where she was murdered, and the undisputed fact that Willie Friend was present when the victim was shot), I conclude that the defendant has fulfilled the direct connection prong.
¶ 142. Third, the defendant argued that Willie Friend had the opportunity to hire the victim's killer(s) and set up the victim's murder.[9] In assessing this argument, the court of appeals explained that evidence presented at trial "places [Willie] Friend at the scene when the first round of shots was fired, and is consistent with [the defendant's] contention that [Willie] Friend was involved in the murder by luring [the victim] to a place where she would be ambushed."[10]
¶ 143. The court of appeals concluded that Willie Friend "had the opportunity to commit this crime, either directly by firing the first weapon or in conjunction with others by luring [the victim] to the place where she was killed."[11]
¶ 144. I agree with the court of appeals. I conclude, along with the court of appeals, that the defendant has met all three prongs of the Denny test for the admissibility of third-party perpetrator evidence. The defendant was therefore entitled to introduce the testimony of Larson and Lange to implicate Willie Friend in the victim's murder.
¶ 145. In my opinion, the circuit court's exclusion of the defendant's third-party perpetrator evidence constituted an error of law that denied the defendant his constitutional right to present a complete defense.
*257 ¶ 146. The court of appeals applied harmless error review to this error of law and concluded that the error was not harmless.[12] Willie Friend was the State's primary witness. With the admission of the defendant's third-party perpetrator evidence, the jury may not have considered Willie Friend a credible witness. The jury may instead have believed the defendant. Accordingly, I agree with the court of appeals that if harmless error review applies to the circuit court's exclusion of the defendant's third-party perpetrator evidence (and I do not think it does),[13] the error was not harmless.
¶ 147. For the reasons set forth, I dissent. I, like the court of appeals, would reverse the circuit court's judgment of conviction and order denying postconviction relief and would remand the cause for further proceedings.
¶ 148. I am authorized to state that Justice ANN WALSH BRADLEY joins this opinion.

 State v. Wilson, No. 2011AP1803-CR, unpublished slip op., at 7 (Wis. Ct. App. Oct. 22, 2013).

 Majority op., ¶¶ 61, 70; Holmes v. South Carolina, 547 U.S. 319, 324 (2006) ("[T]he Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense'" (quoted source omitted).).
See also State v. Anthony, 2015 WI 20, ¶¶ 119, 125, 361 Wis. 2d 116, 860 N.W.2d 10 (Abrahamson, C.J., dissenting) (linking the rights to testify and to present a complete defense *253 by arguing that the circuit court unconstitutionally deprived the defendant of his right to testify to relevant testimony regarding self-defense and thereby prevented the defendant from presenting any defense at all); State v. Nelson, 2014 WI 70, ¶ 68, 355 Wis. 2d 722, 849 N.W.2d 317 (Abrahamson, C.J., dissenting) (explaining that the defendant's constitutional right to testify is embedded in the constitutional right to present a defense).

 The majority opinion acknowledges that the instant case presents a constitutional issue. Majority op. ¶¶ 47, 61. See also Anthony, 2015 WI 20, ¶ 43 (stating that "[w]hether an individual is denied a constitutional right is a question of constitutional fact that this court reviews independently as a question of law" (quoted source & internal quotation marks omitted)).

 Majority op., ¶| 61, 70.

 State v. Denny, 120 Wis. 2d 614, 623, 357 N.W.2d 12 (Ct. App. 1984).

 Majority op., ¶ 3.

 Id., ¶ 74.

 See id., ¶ 57.

 Id., ¶ 81.

 Wilson, No. 2011AP1803-CR, unpublished slip op., at 7.

 Id.

 Id. at 10.

 The court determined that harmless error review applies to the denial of a defendant's constitutional right to testify in Anthony, 2015 WI 20, ¶¶ 11, 96, 101, and Nelson, 355 Wis. 2d 722, ¶ 43. I dissented in both cases, concluding that harmless error review does not apply when a defendant is unconstitutionally deprived of the fundamental right to testify. See Anthony, 2015 WI 20, ¶ 140 (Abrahamson, C.J., dissenting); Nelson, 355 Wis. 2d 722, ¶ 79 (Abrahamson, C.J., dissenting). The constitutional right to testify is embedded in the constitutional right to present a defense. See Nelson, 355 Wis. 2d 722, ¶ 68 (Abrahamson, C.J., dissenting). Accordingly, I conclude that an unconstitutional deprivation of the defendant's right to present a defense is not amenable to harmless error review.